Dear Representative Proffer:
This opinion is in response to your question asking:
 Do organizations, such as the American Legion, Elks Lodge, and others, which have income tax exemptions recognized by the IRS under sections 501(c)(7) and 501(c)(8) have to register under sections 407.450 to 407.478, RSMo before they raise money for charitable purposes by way of raffles, walk-a-thons, sales, or other commonly used fund-raising methods?
Sections 407.450 to 407.478, RSMo 1986, are collectively known as the "Charitable Organizations and Solicitations Law". Under the provisions of the "Charitable Organizations and Solicitations Law" any charitable organization soliciting funds for a charitable purpose in the State of Missouri must register with the Missouri Attorney General's office unless otherwise exempted from such registration.
In order to determine whether an organization recognized by the Internal Revenue Service as having Section 501(c)(7) or Section 501(c)(8) status is subject to the registration provisions of Sections 407.450 to 407.478, it is necessary to establish whether such organization and its activities fall within the statutory definitions.
Section 407.453 defines the terms used throughout the "Charitable Organizations and Solicitations Law". Under Section407.453(1), the term "charitable organization" is defined as:
 (1) "Charitable organization", any person, as defined in section 407.010, who does business in this state or holds property in this state for any charitable purpose and who engages in the activity of soliciting funds or donations for, or purported to be for, any fraternal, benevolent, social, educational, alumni, historical or other charitable purpose;
Subsection (2) of Section 407.453 establishes the meaning of "charitable purpose" as:
 (2) "Charitable purpose", any purpose which promotes, or purports to promote, directly or indirectly, the well-being of the public at large or any number of persons, whether such well-being is in general or limited to certain activities, endeavors or projects;
"Solicitation" as defined in Section 407.453(6) is:
 (6) "Solicitation", any request or appeal, either oral or written, or any endeavor to obtain, seek or plead for funds, property, financial assistance or other thing of value, including the promise or grant of any money or property of any kind or value for a charitable purpose, but excluding:
 (a) Direct grants or allocation of funds received or solicited from any affiliated fund-raising organization by a member agency; and
 (b) Unsolicited contributions received from any individual donor, foundation, trust, governmental agency or other source, unless such contributions are received in conjunction with a solicitation drive.
A 501(c)(7) organization is one which is "organized for pleasure, recreation, and other nonprofitable purposes, substantially all of the activities of which are for such purposes and no part of the net earnings of which inures to the benefit of any private shareholder". 26 U.S.C. § 501(c)(7). Similarly, fraternal beneficiary societies, orders or associations receive tax exempt 501(c)(8) status when:
 (8) Fraternal beneficiary societies, orders, or associations —
 (A) operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and
 (B) providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents.
26 U.S.C. § 501 (c)(8).
Since admittedly the 501(c)(7) and 501(c)(8) organizations which are the subject of your opinion request are soliciting funds for "charitable purposes," such organizations would be required to register under Sections 407.450 to 407.478, RSMo, unless otherwise exempted. The registration requirement applies not only to the organization itself but also to any professional fund raiser employed by it.
Section 407.456.2 lists the exceptions to the registration requirement and are as follows:
 2. The provisions of sections 407.459
and 407.462, and subsection 1 of section 407.469 shall not apply to the following:
(1) Religious organizations;
 (2) Educational institutions and their authorized and related foundations;
 (3) Fraternal, benevolent, social, educational, alumni, and historical organizations, and any auxiliaries associated with any of such organizations, when solicitation of contributions is confined to the membership of such organizations or auxiliaries;
 (4) Hospitals and auxiliaries of hospitals, provided all fund-raising activities and solicitations of contributions are carried on by employees of the hospital or members of the auxiliary and not by any professional fund-raiser who is employed as an independent contractor;
 (5) Any solicitation for funds governed by chapter 130, RSMo; and
 (6) Any organization that has obtained an exemption from the payment of federal income taxes as provided in section 501 (c)(3) of title 26, United States Code, as amended, if, in fact, no part of the net earnings of the organization inure to the benefit of any private party or individual associated with such organization.
The exemptions from registration are specific and with the exception of subsection 3 would not provide an exemption for the type of organization in question. Subsection 3 would provide an exemption from registration for a 501(c)(7) or 501(c)(8) organization if the solicitation of funds for charitable purposes is confined to the members of that organization. For example, if the Elks Lodge or American Legion were soliciting funds strictly from the confines of their own membership, then the registration provisions of Sections 407.450 to 407.478 would not apply.
CONCLUSION
It is the opinion of this office that organizations such as the American Legion, Elks Lodge and others which have tax exemptions recognized by the Internal Revenue Service under Section 501(c)(7) or Section 501(c)(8) and solicit funds for "charitable purposes" by way of commonly used fund-raising methods are subject to the registration requirements of Sections 407.450 to407.478, RSMo 1986, unless the solicitation of funds is limited to the membership of the organization itself.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General